UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DECHARLA DANIELLE BLACKBURN,**<br>      Plaintiff,<br><br>v.<br><br>**KENT D. MCPHAIL,** *et al.***,**<br>      Defendants. | Case No. 5:23-cv-923-CLM |

## MEMORANDUM OPINION

*Pro se* Plaintiff DeCharla Danielle Blackburn ("Blackburn") sues 16 individuals and entities after a state court action that resulted in the foreclosure of her property located in Harvest, Alabama and her eventual eviction. (*See* Doc. 68). Fourteen defendants filed motions to dismiss. (Doc. 67; Doc. 71; Doc. 73; Doc. 74; Doc. 75; Doc. 77; Doc. 83; Doc. 95; Doc. 102; Doc. 107; Doc. 125). For the reasons below, the court **GRANTS** their motions.

### PROCEDURAL HISTORY

Blackburn filed her original complaint on July 17, 2023, which she then amended twice with the court's leave on September 5, 2023, (doc. 47), and October 3, 2023, (doc. 68). Her Second Amended Complaint, (doc. 68)—the operative complaint—alleges six causes of action against these Defendants:

- Alabama Governor Kay Ivey ("Ivey");
- Alabama Attorney General Steve Marshall ("Marshall");
- Madison County, Alabama Circuit Judge Karen K. Hall ("Hall");
- Madison County, Alabama Probate Judge Frank Barger ("Barger");
- attorneys Kent D. McPhail ("McPhail"); Anthony Dipiazza ("Dipiazza"); and Jeff Rich ("Rich");
- Alan P. Judge ("Judge") of ADM Title Services, LLC;
- Bruce Marshall Rose ("Rose") of Carrington Mortgage LLC;
- Jason A. Tatum ("Jason Tatum") and Jeffrey Tatum of AlaVest, LLC;

- Bill Beckman ("Beckman") of Mortgage Electronic Registration System;
- David Derry ("Derry") of Consumer First Mortgage;
- James R. Staley ("Staley") of JP Morgan Securities LLC;
- Charles W. Scharf ("Scharf") of Wells Fargo Bank NA; and,
- Jaime Dimon ("Dimon") of JP Morgan Chase Bank NA

(*collectively*, "Defendants"). Blackburn pleads six counts:

- **Count I**: Constitutional Rights Violations, including Deprivation of Life, Liberty, or Property; Illegal Seizure of Property; and Deprivation of the right to Petition the Government for a Redress of Grievances, (doc. 68, ¶¶ 59-74);
- **Count II**: Lack of Standing/Wrongful Foreclosure, including Private Right Violations and Intentional Misrepresentation, Misinformation, or Omission of Information/Document Fraud, (doc. 68, ¶¶ 75-91);
- **Count III**: Breach of Contract against Consumer First Mortgage and Mortgage Electronic Registration System, (doc. 68, ¶¶ 92-96);
- **Count IV**: Quiet Title, (doc. 68, ¶¶ 97-104);
- **Count V**: Temporary Restraining Order and Injunctive Relief, (doc. 68, ¶¶ 105-110); and
- **Count VI**: Declaratory Relief, (doc. 68, ¶¶ 111-114).

Blackburn also filed two petitions and applications for a temporary restraining order and preliminary injunction, (doc. 48; doc. 64), which the court denied, (doc. 52; doc. 70).

All but two of the defendants—Rose, (doc. 67); Dipiazza, (doc. 71); Ivey and Marshall, (doc. 73); McPhail, (doc. 74); Barger and Rich, (doc. 75); Hall, (doc. 77); Jason Tatum and Jeffrey Tatum, (doc. 83); Derry, (doc. 95); Dimon, (doc. 102); Judge, (doc. 107); and Scharf, (doc. 125)—moved to dismiss Blackburn's Second Amended Complaint. As for the other two, Defendant Staley failed to answer, (doc. 124), and Beckman was not served, (doc. 131). The court held a telephone status conference on January 23, 2024, (doc. 109), and issued numerous orders to show cause addressing Blackburn's failure to

prosecute regarding unanswered defendants and lack of service, (doc. 117; doc 128; doc. 130).

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Fed. R. Civ. P. 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Rule 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to *pro se* plaintiffs "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369. A *pro se* complaint must still be dismissed if it fails to state a claim on which relief may be granted. *See, e.g.*, *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## DISCUSSION

Blackburn's home was sold in foreclosure in November 2022, and Blackburn was told to vacate the premises. She didn't. So two months later, Alavest, LLC, filed an ejectment complaint in the circuit court of Madison County, Alabama (Case No. CV-2023-900045.00). State Circuit Judge Karen K. Hall entered default judgment against Blackburn and other occupants of the property. Blackburn attacks that judgment here, but her claims are barred by the *Rooker-Feldman* doctrine,[1] which precludes a federal action if the relief requested would effectively reverse state-court decision or void its ruling. *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996). Because the doctrine implicates this court's subject matter jurisdiction, the court addresses it before analyzing allegations that arguably fall outside *Rooker-Feldman*. The court ends by addressing the defendants who didn't file Rule 12 motions.

### A. *Rooker-Feldman* Doctrine

*Rooker–Feldman* applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. *Powell,* 80 F.3d at 466. "The crucial question in determining the applicability of *Rooker–Feldman* is whether the relief requested of the federal court would effectively reverse or void the state court's ruling." *Bosdorf v. Beach,* 79 F. Supp. 2d 1337, 1339 (S.D. Fla. 1999). The "doctrine is intended to ensure that litigants do not take multiple bites from the same apple." *Id.*

Here, Blackburn effectively asks the court to invalidate the state court's judgment, so the *Rooker–Feldman* doctrine applies. Blackburn even requests in her "Prayer for Relief" that the court "[d]eclar[e] that Defendants lack any interest in the subject property preventing them the ability to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject propert[y]." (Doc. 68, ¶ 121). Although Blackburn lists three properties throughout her Second Amended Complaint, she clarifies that "[t]he Property [a]ddress which is the subject of this suit is commonly known as 119 Brooklawn Drive, Harvest, Alabama 35749," which is the property subject to the state

---

[1] The *Rooker–Feldman* doctrine is based on two cases decided 60 years apart, *Rooker v. Fidelity Tr. Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

court action. (Doc. 68, ¶ 58). As shown below, each of Blackburn's causes of action is barred by the *Rooker-Feldman* doctrine.

1. Constitutional Rights Violations: Blackburn's first cause of action includes "Deprivation of Life, Liberty, or Property"; "Illegal Seizure of Property"; and "Alabama Bar in Violation of Sherman Antitrust Act," (doc. 68, ¶¶ 59-74). Her overarching claim is that she "was unlawfully deprived of her life, liberty, or property without due process of the law utilizing fabricated, forged, documents with robo-signed signatures, and incorrect fraudulent information with an unlawful eviction." (Doc. 68, ¶ 60). Therefore, "[t]he seizure of [Blackburn's] Property was illegal since it happened without consent, a warrant, or probable cause to believe a crime was committed." (Doc. 68, ¶ 64). Allegations about the ejectment action are "inextricably intertwined" with the state court's judgment and therefore barred by the *Rooker-Feldman* doctrine. *Powell,* 80 F.3d at 466.

2. Lack of Standing / Wrongful Foreclosure: Blackburn's second cause of action asserts that "Defendants . . . do not have an equitable right to foreclose on the Property because [they] have failed to perfect any security interest in the Real Property collateral, or cannot prove to the court they have a valid interest as a real party in interest to the underlying Deed of Trust." (Doc. 68, ¶ 76). She adds that "Defendants abused their authority and failed to protect [Blackburn's] personal[ly] identifiable information . . ." and "intentionally falsified and forged recorded documents . . . ." (Doc. 68, ¶ 91). Allegations surrounding the ejectment action are "inextricably intertwined" with the state court's judgment and therefore barred by the *Rooker-Feldman* doctrine. *Powell,* 80 F.3d at 466.

3. Breach of Contract against Defendants Consumer First Mortgage and Mortgage Electronic Registration System: In her third cause of action, Blackburn argues that Defendants Consumer First Mortgage and Mortgage Electronic Registration System breached the mortgage contract, specifically paragraph 23 of the Deed of Trust. (*See* Doc. 68, ¶¶ 94-96). Allegations of a breach of contract that catalyzed the ejectment action are "inextricably intertwined" with the state court's judgment and therefore barred by the *Rooker-Feldman* doctrine. *Powell,* 80 F.3d at 466.

  4. <u>Quiet Title</u>: Blackburn's fourth cause of action "alleges . . . that none of the Defendant in this case hold a perfected and secured claim in the Real Property; and that all Defendant are estopped and precluded from asserting an unsecured claim against [Blackburn's] Real Property." (Doc. 68, ¶ 102). Blackburn specifically requests that this court overturn the state court judgment: "Plaintiff requests the decree permanently enjoin Defendants, and each of them, and all persons claiming under them, from asserting any adverse claim to Plaintiff's title to the property" (Doc. 68, ¶ 103). Allegations of a title dispute that catalyzed the ejectment action are "inextricably intertwined" with the state court's judgment and therefore barred by the *Rooker-Feldman* doctrine. *Powell,* 80 F.3d at 466.

  5. <u>Temporary Restraining Order and Injunctive Relief</u>: Blackburn's fifth cause of action requests injunctive relief: "that Defendants and its agents and employees be enjoined from prosecuting any continuance of a post[-]foreclosure sale pending trial." (Doc. 68, ¶ 110). Blackburn's request for injunctive relief is not an independent claim but rises and falls with the substantive counts. *Fowler v. Goodman Mfg. Co. L.P.*, 2014 WL 7048581, at *10 (N.D. Ala. Dec. 12, 2014). Blackburn twice petitioned the court for a temporary restraining order to enjoin Defendants "from selling, attempting to sell, or causing to be sold the property [at issue here], either under the power of sale in the deed of trust/mortgage or by foreclosure action," (doc. 48 at 2), and "from executing a Substitute Trustee's Sale or otherwise selling or taking possession of the subject property during the pendency of this cause, or from otherwise disturbing or attempting to disturb [Blackburn's] peaceable possession and enjoyment of the property," (doc. 64, ¶ 62). The court denied her petitions, noting "[a]s the foreclosure sale has already taken place, the court is powerless to enjoin it." (Doc. 52 at 2; Doc. 70 at 2-3 (citing *Yates v. GMAC Mortg. LLC*, No. 1:10-CV-02546, 2010 WL 5316550, *2 (N.D. Ga. Dec. 17, 2010)). Allegations of wrongful actions after the ejectment action are "inextricably intertwined" with the state court's judgment and therefore barred by the *Rooker-Feldman* doctrine. *Powell,* 80 F.3d at 466.

  6. <u>Declaratory Relief</u>: Finally, Blackburn "requests a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances . . . ." (Doc. 68, ¶ 112). Blackburn "seeks a judicial

declaration that the title to the Property is vested in [her] alone and that the Defendants be declared to have no interest, estate, right, title or interest in the subject property . . .," (doc. 68, ¶ 114), which is a request to overturn the state court judgment. Blackburn's sixth cause of action is thus barred by the *Rooker-Feldman* doctrine. *Powell,* 80 F.3d at 466.

**B. First Amendment and Excessive Force Claims**

Within her causes of action, Blackburn references her "[r]ight under the First Amendment which protects her right to petition the Government for a redress of grievances," (doc. 68, ¶ 71), and "unnecessary excessive force" at the hands of the Madison County Sheriff deputies, (doc. 68, ¶ 116). While First Amendment and excessive force claims arguably do not fall under the *Rooker-Feldman* doctrine, Blackburn's pleading nonetheless fails.

1. First Amendment: Within her first cause of action, under the sub-heading "Alabama Bar in Violation of Sherman Antitrust Act," Blackburn states that "Defendants are violating [her] [r]ight under the First Amendment which protects her right to petition the Government for a redress of grievances. Accordingly, the right to petition cannot be denied without violating those fundamental principles of liberty and justice, which lie at the base of all civil institutions." (Doc. 68, ¶ 71). She adds that "Defendants acted outside the perimeters of their lawful duties . . . by denying [Blackburn] her unalienable right to counsel of [her] own choice" and took advantage of [her] youthful age as a first-time homebuyer." (Doc. 68, ¶¶ 72, 74). To the extent Blackburn is attempting to assert a separate First Amendment claim, she fails to specify the (1) speech or activity protected by the First Amendment, (2) an adverse action, and (3) a causal connection between the protected speech or activity and the adverse action. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). The First Amendment applies only to governmental action, yet Blackburn generally asserts "Defendants" violated her right. (*See* Doc. 68, ¶ 71).

Both the Federal Rules of Civil Procedures and Eleventh Circuit precedent prohibit the use of shotgun pleadings. FED. R. CIV. P. 8(a)(2); FED. R. CIV. P. 10(b); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each

claim must be "limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Eleventh Circuit precedent has identified four types of shotgun pleadings: (1) a complaint that contains multiple counts where each adopts the allegations of all preceding counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, " (3) a complaint that does not separate "into a different count each cause of action or claim for relief, " and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321-23. Blackburn's Second Amended Complaint is a shotgun pleading that fails to provide Defendants with "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1321.

Further, even if Blackburn had sufficiently pleaded a First Amendment claim, the government actors listed as Defendants have no connection to the ejectment action which Blackburn asserts is wrongful.

2. Excessive Force: Blackburn says that Madison County Sherriff deputies used excessive force in evicting her "by kicking the door in, which caused physical injury to [Blackburn], creating evident bruises on [her] right big toe area of her foot and both of her knees, for absolutely no reason to carry out [an] unlawful eviction." (Doc. 68, ¶¶ 115-120). But Blackburn pleads these facts under a section of the Second Amended Complaint entitled "Harm, Injuries, and Damages," not as a separate claim or cause of action. The court reads Blackburn's Second Amended Complaint as she wrote it and thus does not construe an excessive force claim.

**C. Other Defendants**

Two defendants (James Staley ("Staley") and Bill Beckman ("Beckman")) did not file Rule 12 motions, so Parts A and B do not apply to them. The court dismisses Blackburn's claims against them for distinct procedural reasons.

1. James E. Staley: Summons was returned executed for Staley on March 9, 2024, and the court ordered Staley to answer by March 30. (Doc. 124). He didn't. When Blackburn took no action for 17 days, the court ordered her to show cause why Staley should not be dismissed. (Doc. 130). More than a month

has passed since the court entered its order, and Blackburn has long since missed her April 26, 2024 deadline. (Doc. 130 at 1). So the court **DISMISSES** Staley from this action and **DIRECTS** the Clerk of Court to remove Staley as a defendant in this case.

2. <u>Bill Beckman</u>: The court twice gave Blackburn extra time to serve Beckman. (Doc. 117; Doc. 128). The second time, the court told Blackburn that "**[failure to serve Beckman by April 25, 2024 WILL result in his immediate dismissal**." (Doc. 128). Blackburn did not serve Beckman by April 25, 2024 (or ever). So the court **DISMISSES** Beckman from this action and **DIRECTS** the Clerk of Court to remove Beckman as a defendant.

\* \* \*

To sum up, Blackburn's claims seek the overturning of the state-court ejectment ruling and are thus barred by the *Rooker-Feldman* doctrine. Blackburn fails to properly plead any claims that fall outside the doctrine. And if she did, those claims would fail for reasons the court has yet to address, such as the state judges having judicial immunity,[2] and the Governor and Attorney General appearing to have no connection to this case or her claims. Plus, Blackburn failed to prosecute her case against the only two defendants who failed to seek dismissal—*i.e.*, Staley and Beckman. So her entire case is due to be dismissed. And that dismissal is with prejudice because a third amended complaint could not resolve these issues. *See St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail.").

Blackburn's remedy (if any) is to file a state court action or to appeal the decision of the state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("By failing to raise his claims in state court

---

[2] The doctrine of "judicial immunity" grants judicial officers absolute immunity for actions taken within the legitimate scope of judicial authority. *Nezbeda v. Liberty Mutual Insurance Corp. (LIC)*, 306 F. Supp. 3d 1335, 1346-47 (N.D. Ga. 2017) (quoting *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012)). The rationale for the doctrine of judicial immunity, which prevents judges from being held liable for carrying out their duties, is that judges should not have to fear that unsatisfied litigants will hound them with litigation. *Weinstein v. City of North Bay Vill.*, 977 F. Supp. 2d 1271, 1281-82 (S.D. Fla. 2013).

a plaintiff may forfeit his right to obtain review of the state court decision in any federal court. This result is eminently defensible on policy grounds.").

## CONCLUSION

For these reasons, the court **DISMISSES** Staley and Beckman from this action and **DIRECTS** the Clerk of Court to remove Staley and Beckman as defendants in this case. The court **GRANTS** the other Defendants' motions to dismiss. (Doc. 67; Doc. 71; Doc. 73; Doc. 74; Doc. 75; Doc. 77; Doc. 83; Doc. 95; Doc. 102; Doc. 107; Doc. 125). The court will enter a separate order that carries out this conclusion.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum Opinion to Blackburn's address of record.

**Done** and **Ordered** on May 21, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE